**Larry A. Levick**
**State Bar No. 12252600**
**Michelle E. Shriro**
**State Bar No. 18310900**
**GERARD SINGER LEVICK & BUSCH, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas  75001**
**Telephone (972) 380-5533**
**Facsimile (972) 380-5748**
**ATTORNEYS FOR ROBERT NEWHOUSE, TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **HENCIE CONSULTING SERVICES, INC.,** § | | **CASE NO. 03-39402-bjh-7** |
| § | | |
| Debtor. § | | |
| § | | |
| **ROBERT NEWHOUSE, CHAPTER 7** § | | |
| **TRUSTEE FOR THE ESTATE OF** § | | |
| **HENCIE CONSULTING SERVICES, INC.** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **ADVERSARY No. _____** |
| § | | |
| **ALTERNATE POSTAL DIRECT, INC.** § | | |
| § | | |
| Defendant. § | | |

### COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Robert Newhouse, duly appointed Trustee for Hencie Consulting Services, Inc., files this his Complaint to Avoid Preferential and Fraudulent Transfers and would respectfully show the Court as follows:

**COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS – Page 1**
S:\NEWHOUSE\HencieConsulting\Complaint (Alternate).doc

## I. PARTIES

1. Plaintiff is the successor-in-interest to certain causes of action of Hencie Consulting Services, Inc. (referred to as "Debtor"), which actions vested in or were assigned to Plaintiff, so that Plaintiff might pursue them for the benefit of the Debtor's creditors.

2. Alternate Postal Direct, Inc. is the defendant and party-in-interest.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 (b) and 157 (a).

4. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (B), (F), (H) and (O).

5. Pursuant to 28 U.S.C. §§ 1408 and 1409 (a), venue is proper in this Court.

6. This adversary proceeding is brought pursuant to one or more of Sections 544, 547, 548, 549, and 550 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The allegations made herein by Plaintiff are made in the alternative as allowed under Fed. R. Civ. P. 8 (e), as made applicable to this adversary by Bankr. R. 7008.

## III. FACTUAL ALLEGATIONS

7. Hencie Consulting Services, Inc. (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on September 16, 2003. Robert Newhouse is the duly appointed Chapter 7 Trustee.

8. In the 90 days prior to the filing of the bankruptcy, the Debtor made payments or transfers to the Defendant in the amounts of at least $36,000.00 (the "Payments").

### IV. COUNT ONE – PREFERENCE – 11 U.S.C. §547

9. Plaintiff reincorporates the allegations contained in paragraphs 1 through 8 of the Complaint. As to the Defendant and for each Payment to said Defendant,

10. The Payment was a transfer of property of the Debtor;

11. The Payment was made to or for the benefit of the creditor of the Debtor;

12. The Payment was made by the Debtor for or on account of an antecedent debt owed by the Debtor to the creditor before the Payment was made;

13. The Payment was made on or within 90 days before the Debtor filed bankruptcy or between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider;

14. At the time the Payment was made, Debtor was insolvent; and

15. The Payment enabled the Defendant to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the Payment had not been made and if the Defendant had received payment as provided under the Bankruptcy Code.

16. By reason of the foregoing, the Trustee sues to avoid all Payments to the Defendant pursuant to 11 U.S.C. § 547, and to recover the Payments or the value thereof from the Defendant pursuant to 11 U.S.C. § 550.

### V. COUNT TWO – FRAUDULENT TRANSFER – 11 U.S.C. §548

17. Plaintiff reincorporates the allegations contained in paragraphs 1 through 16 of the Complaint.

18. Alternatively, the Payments that were made or the obligations incurred by the Debtor within one year before the date of the filing of the petition were made or incurred with actual intent to

hinder, delay, or defraud entities to which the Debtor was or became, on or after the date that such Payments were made or such obligations incurred, indebted.

19. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for such Payments made or such obligations incurred; and

(a) the Debtor was insolvent on the date that such Payments were made or such obligations incurred, or became insolvent as a result of such Payments or obligations,

(b) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, or

(c) the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

20. By reason of the foregoing, the Trustee sues to avoid all Payments made to the Defendant or obligations incurred, and to recover the Payments or the value thereof from the Defendant pursuant to 11 U.S.C. §§ 548 and 550, as these transfers are voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502, or that is not allowable only under 11 U.S.C. § 502(e).

### VI. COUNT THREE – FRAUDULENT TRANSFER – 11 U.S.C. § 544

21. Plaintiff reincorporates the allegations contained in paragraphs 1 through 20 of the Complaint.

22. Alternatively, pursuant to Texas Business and Commerce Code 24.001 *et seq*. made applicable by 11 U.S.C. § 544(b)(1), the Payments that were made or the obligations incurred by the Debtor were made or incurred with actual intent to hinder, delay, or defraud entities to which the

Debtor was or became, on or after the date that Payments were made or such obligations incurred, indebted.

23. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for such Payments made or such obligations incurred; and

(a) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or

(b) the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts became due.

24. Alternatively, for each Payment made or obligation incurred by the Debtor, the Debtor made the Payment or incurred the obligation

(a) without receiving a reasonably equivalent value in exchange for the Payment or obligation, and the Debtor was insolvent at that time or the Debtor became insolvent as a result of the Payment or obligation; or

(b) to an insider for an antecedent debt at a time when the Debtor was insolvent, and the insider had reasonable cause to believe that the Debtor was insolvent.

25. By reason of the foregoing, the Trustee sues to avoid all Payments made to the Defendant or obligations incurred, and to recover the Payments or the value thereof from the Defendant pursuant to 11 U.S.C. §§ 544 and 550.

## VII. COUNT FOUR – OBJECTION TO CLAIMS

26. Plaintiff reincorporates the allegations contained in paragraphs 1 through 25 of the Complaint.

27. To the extent the Defendant has filed a claim against the estate, such claim should be disallowed pursuant to 11 U.S.C. §502(d).

## **PRAYER**

**WHEREFORE**, Robert Newhouse, Trustee, respectfully prays that this Court:

(i) avoid the Payments described in this Complaint pursuant to Section 544, 547, or 548 of the Bankruptcy Code; and

(ii) enter judgment in favor of Plaintiff and against the Defendant, in an amount equal to the sum of the Payments, plus pre-judgment and post-judgment interest for each payment, costs or court and attorneys' fees;

(iii) for any claims of the Defendant against the estate to be disallowed; and

(iv) grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

GERARD SINGER LEVICK & BUSCH, P.C.

By: /s/ Michelle E. Shriro
Larry A. Levick
State Bar No. 12252600
Michelle E. Shriro
State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR ROBERT NEWHOUSE, TRUSTEE FOR HENCIE CONSULTING, INC.

| B. 104 (Rev 8/99) | **ADVERSARY PROCEEDING COVER SHEET** | Adversary Proceeding Number (For Court Use Only) |
|---|---|---|

| **Plaintiff(s)** <br> Robert Newhouse, Chapter 7 Trustee for the Bankruptcy Estate of Hencie Consulting Services, Inc. | **Defendant(s)** <br> Alternate Postal Direct, Inc. |
|---|---|
| **Attorney(s)** (Firm name, Address and Telephone Number) <br> Michelle E. Shriro <br> Gerard Singer Levick & Busch, P.C. <br> 16200 Addison Road, Suite 140 <br> Addison, Texas 75001 <br> (972) 380-5533 <br> Fax: (972) 380-5748 | **Attorney(s)** (if known) |

**Party** (Check one box only)　☐ 1 U.S. PLAINTIFF　☐ 2 U.S. DEFENDANT　☒ 3 U.S. NOT A PARTY

**Cause of Action** (Write a brief statement of cause of action, including all U.S. Statutes involved)

　Preference

**Nature of Suit** (Check the most appropriate box only)

- ☒ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chpt. 11, Chpt. 12 or Chpt. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**Origin Of Proceedings** (Check one box only)　☒ 1 Original Proceeding　☐ 2 Removed Proceeding　☐ 4 Reinstated or Reopened　☐ 5 Transferred from another Bankruptcy Court　☐ Check if this is a Class Action under F.R.C.P. 23

| **Demand** | Nearest Thousand | Other Relief Sought | ☐ Jury Demand |
|---|---|---|---|

**Bankruptcy Case In Which This Adversary Proceeding Arises**

| Name of Debtor <br> Hencie Consulting Services, Inc. | Bankruptcy Case No. <br> 03-39402-bjh-7 |
|---|---|
| District in Which Case is Pending <br> Northern District of Texas | Divisional Office <br> Dallas | Name of Judge <br> Houser |

**Related Adversary Proceeding (if any)**

| Plaintiff | Defendant | Adversary Proceeding No. |
|---|---|---|
| District | Divisional Office | Name of Judge |

**Filing Fee** (Check one Box Only)　☒ Fee Attached　☐ Fee Not Required　☐ Fee is Deferred

| Date <br> September 16, 2005 | Print Name <br> Michelle E. Shriro | Signature of Attorney (or Plaintiff) <br> /s/ Michelle E. Shriro |
|---|---|---|